JOSEPH DANE *vs.* DANE MANUFACTURING COMPANY.

If, pending an action against a manufacturing corporation, a stockholder, who has been summoned in pursuant to *St.* 1851, *c.* 315, dies, his executor cannot be required to take upon himself the defence of the action.

ACTION OF CONTRACT against a manufacturing corporation upon a promissory note. Joel Bowker was summoned in as a stockholder, pursuant to *St.* 1851, *c.* 315, and the question of his liability as such tried in Essex, at November term 1858, before *Dewey,* J., and reserved by him for the consideration of the full court. Subsequently the death of Bowker was suggested, and the plaintiff moved that his executor be summoned in to defend this action.

*S. B. Ives, Jr.* for the plaintiff.

*S. H. Phillips & J. A. Gillis, contra.*

Dane *v.* Dane Manufacturing Company.

DEWEY, J. The case comes before us upon a suggestion duly filed, that since the trial Joel Bowker, who was summoned in the action as a stockholder in the Dane Manufacturing Company, the principal debtor, has deceased; and the plaintiff seeks to make his executor a party to these proceedings. The right so to do is resisted by the executor, who objects to being made a party, and also that the estate in his hands is not to be affected by any judgment in the present action.

The facts in this case present insuperable difficulties to further proceedings therein against Joel Bowker. The present state of the law is sufficiently embarrassing as to the proper course of proceeding, to authorize a levy of execution upon individual stockholders of a manufacturing corporation, for the debts of the corporation, in the ordinary case of living stockholders. But much greater difficulties exist in the case of seeking to levy such execution upon the estate of a deceased stockholder. It is to be borne in mind that this individual liability of stockholders for the debts of a corporation is one "depending solely upon the provisions of positive law. It is to be construed strictly, and not extended beyond the limits to which it is plainly carried by such provisions of statute." *Gray* v. *Coffin*, 9 Cush. 199.

Prior to the *St.* of 1851, *c.* 315, the proceedings in the original suit against the corporation were had without any reference to the stockholders, and the naked judgment against the corporation furnished the basis for an authority to levy the execution upon any stockholder individually liable for that particular debt. By that statute the person or property of such stockholder was not thereafter to be taken upon an execution issued against the corporation, "unless a summons in the action was left with said stockholder." The same statute made also a material change in the law, by requiring a levy in the first instance to be made upon the property of the officers of the corporation, if any such could be found. *St.* 1851, *c.* 315, § 3.

The object of the summons to the stockholder, required by the statute, was to secure the property of individuals from being taken on execution without their having been notified of the

claim against them as such.   This provision, of course, was for a living stockholder.   No right existed to levy such execution against a corporation upon the estate of a deceased stockholder. The executor of such deceased stockholder is not to be summoned in the action against the corporation by reason of any liability that might have attached to his testator while living, with the purpose of authorizing an execution to be levied upon the executor or any estate in his hands.   No legitimate purpose therefore exists for summoning the executor to take upon himself the defence of the suit as against his testator.   All further proceedings as against Joel Bowker are abated by his death, and a judgment against the corporation will not authorize a levy upon the estate of the deceased in the hands of his executor. This peculiar form of liability does not survive.

The result must be therefore that this action, so far as it is a proceeding against Joel Bowker as a stockholder, does not survive, and the executor cannot be required to be made a party, or take upon himself the defence set up in the answer of Bowker.

*Motion overruled.*